UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE KEAN,

       Plaintiff,                                                Case No. 09-14071
                                                                 HON. BERNARD A. FRIEDMAN
vs.

IT-WORKS, INC., et al.,

       Defendants.
_____/

## ORDER DENYING DEFENDANT HC5, LLC'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

**I.    Introduction**

Defendant, HC5, LLC ("HC5" or "Defendant") has filed a motion to dismiss and for summary judgment. Plaintiff has filed a response brief and Defendant has filed a reply brief. Pursuant to E.D. Mich. LR 7.1(e)(2), the Court shall decide this motion without oral argument.

**II.    Facts**

Plaintiff, Diane Kean, is a former employee of Defendant Integrated Therapy, or IT-Works, Inc. ("IT-Works"). She worked for IT-Works as a salesperson and as a massage therapist. Plaintiff worked in these capacities from April 1, 2005 through January 21, 2008.

HC-5 is a professional employment organization ("PEO"). As a PEO, it processes its clients' payrolls for their employees, as well as the federal, state and city taxes through the clients' accounts. It states, in its motion, that it does not have any involvement in the day-to-day business operations of its clients.

1

In 2007, IT-Works hired David Roer as a independent contractor, allowing him to work directly with Plaintiff and other employees. Plaintiff states that Roer has a "filthy mouth," and constantly made lewd and sexually inappropriate jokes and comments. In the fall of 2007, Plaintiff and five other employees met with their employer, and complained about Roer's conduct. After the meeting, Plaintiff did not believe that any corrective action was being taken, and told her supervisor that she would file a sexual harassment complaint if Roer's conduct was not addressed and corrected. In November 2007, Plaintiff received an outstanding performance review and pay increase. In January 2008, Plaintiff was fired.

**III.    Analysis**

Plaintiff's complaint contains two counts. The first count alleges Title VII civil rights violations arising out of her employment with IT-Works, including sexual harassment and retaliation. Plaintiff's second count alleges sexual harassment and retaliation in violation of Michigan's Elliott Larson Civil Rights Act, MCL 37.101, *et seq.*. Plaintiff alleges that her co-worker engaged in sexually harassing behavior directed at her, and that Defendants failed to take corrective action regarding this behavior. Further, Plaintiff contends that Defendants retaliated against her for having complained of Defendants' failure to address Roer's behavior.

HC5 contends that its only role in the relationship between Plaintiff and IT-Works was that of a PEO. It states that it was neither present for, nor involved in, any performance appraisals of Plaintiff, meetings regarding Plaintiff's complaints about Roer's behavior, or the decision to fire Plaintiff. It further states that it was not even aware of Plaintiff's complaints regarding Roer's behavior, as Plaintiff only made her complaints to "management." Dft. Exh. I. HC5 asserts that its only relationship with Plaintiff was to implement payroll decisions affecting

Plaintiff, as directed by IT-Works.

The crux of HC5's motion is that it was not Plaintiff's employer, and can not be held liable for the actions or inactions of its co-Defendant, IT-Works. In response, Plaintiff contends that there is, as yet, an unresolved question of whether both Defendants were co-employers of Plaintiff, and thus jointly involved in the decision to terminate Plaintiff's employment. Plaintiff argues that Defendants have refused to cooperate in the discovery process, thus leaving Plaintiff incapable of piecing together evidence, if it exists, to support her theory that HC5 partook in the allegedly harassing and retaliatory actions.

The Court notes that discovery in this matter is not set to close until June 30, 2010. Accordingly, it believes that before making a determination on Defendant's motion, Plaintiff should be entitled to the benefit of discovery, so that she may attempt to protect her claims.

Accordingly,

IT IS ORDERED that Defendant HC5's Motion to Dismiss and for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendants may file renewed motions for summary judgment at the close of discovery.


DATED: May 3, 2010              s/Bernard A. Friedman
                                BERNARD A. FRIEDMAN
                                UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 3, 2010.

              s/Deborah J. Goltz
              DEBORAH J. GOLTZ
              Case Manager